Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Deon Anthony Romelle Bailey 14067-029 )
_____ )
_____ )
_____, )
(Full name under which you were convicted, )
prison number, place of confinement, and )
full mailing address) )
 )
             Petitioner, )
     vs. )
 )
R. Hudgins_____, )
(Name of Warden or other authorized person )
where you are incarcerated) )
 )
             Respondent. )
_____ )

FILED
APR 26 2021
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**Petition for Habeas Corpus
Pursuant to 28 U.S.C. § 2241**

Civil Action No. 5:21cv64
(to be assigned by Clerk)
JPB
Mazzone
Blalock

**Important notes to read before completing this form:**

★   Please read the entire petition **before** filling it out. Answer **only** those questions which pertain to your claim(s).

1.   This petition concerns (check the appropriate box):

     ☑ a conviction
     ☑ a sentence
     ☐ jail or prison conditions
     ☐ prison disciplinary proceedings
     ☐ a parole problem
     ☑ other, state briefly: Pursuant to 18 USC 3231 District Court for the Northern District of Iowa lacks subject matter jurisdiction.

Attachment A

*The Indictment did not charge Petitioner with 840 grams of cocaine base and there was no notice of the elements of the offense for the drug amount*

2. Are you represented by counsel?   ☐ Yes   ☒ No

    If you answered yes, list your counsel's name and address: _____

3. List the name and location of the court which imposed your sentence:
   *The United States District Court for the Northern District of Iowa Eastern (Dubuque) Division.*

4. List the case number, if known: *15-CR-1017-LRR-MAR*

5. List the nature of the offense for which the sentence was imposed:
   *Count 1 841 a  841 b. 1 C, Count 2 841 a  841 b. 1 C*

6. List the date each sentence was imposed and the terms of the sentence:
   *6-22-2016  On Count 1 and 2 295 months. 240 month term imposed on each Counts 1 and 2 of the Indictment, to be served concurrently except that 55 months on Count 2 is to be served consecutively to Count 1*

7. What was your plea to each count? (Check one)

   ☒ Guilty
   ☐ Not Guilty
   ☐ Nolo Contendere

Attachment A

8. If you were found guilty after a plea of not guilty, how was that finding made?

☐ A jury
☑ A Judge without a jury
☐ A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

☑ Yes    ☐ No

10. If you did appeal, give the following information for each appeal:

    A. Name of Court: _U.S. District Court for The Northern District of Iowa_
    B. Result: _Denied Writ of certiorari_
    C. Date of Result: _(2018)_
    D. Grounds raised (List each one): _Plea agreement not Knowing and voluntarily. Erroneous Drug Quantity, Non Violent Career Offender_

    Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

    ☑ Yes    ☐ No

    If your answer was yes, complete the following sections:

    A. First post-conviction proceeding:
       1. Name of Court: _Eigth Circuit Court of Appeals_

Attachment A

    2.   Nature of Proceeding: _Rule 11 C / plea not advised_
    3.   Grounds Raised: _Max plea not advised_
    4.   Did you receive an evidentiary hearing?   ☐ Yes   ☑ No
    5.   Result: _Denied_
    6.   Date of Result: _May 2020_

B.   Second post-conviction proceeding:
    1.   Name of Court: _____
    2.   Nature of Proceeding: _____
    3.   Grounds Raised: _____
    4.   Did you receive an evidentiary hearing?   ☐ Yes   ☐ No
    5.   Result: _____
    6.   Date of Result: _____

C.   Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
    1.   First proceeding:   ☑ Yes   ☐ No   Result: _Denied_
    2.   Second proceeding:   ☑ Yes   ☐ No   Result: _Denied_

D.   If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: _Could not pay the 505.00 filing fee due to lack of income._

12.   For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

    A.   U.S. Parole Commission unlawfully revoked my parole.
    B.   Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

    C.    Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
    D.    Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
    E.    There is an unlawful detainer lodged against me.
    F.    I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
    G.    The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

    A.    Ground one:

*The Indictment filed on July 16, 2015 in Counts 1 and 2 were for a detectable amount of cocaine base. 840 grams used to enhance my sentence was not charged in the Indictment. There was no notice given to me about 840 grams until the PSI was created. See document #2 filed on 7-16-2015.*

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).

*Pursuant to Fed. R. Crim. P. 32 there is no information present in the indictment of 840 grams of crack cocaine base. The 6-21-2016 judgment and sentence was rendered without due process of the 5th and 6th Amendment to the U.S. Constitution. See document #2 filed on 7-16-2015. The District Court does not have Jurisdiction to sentence petitioner to 840 grams of crack cocaine.*

    B.    Ground two:

Attachment A

In the Factual Basis for the plea, Petitioner plead guilty to two distribution charges of a total of .74 on Count 1 and .32 on Count 2 for a total of 1.06 grams of cocaine base. Petitioner was not aware of 840 grams of uncharged conduct until after the PSI was constructed. The plea agreement did not contain 840 grams of cocaine base.

Supporting facts:
See document #55 filed 10-11-2015 for the factual basis for the plea. See also document #120 filed 9-2-2016. The Judges ruling was a clear abuse of discreation to sentence by preponderance of evidence, when the sentencing transcripts document 120 page 18 of 57 line 19 states "I have no evidence of those." In reference to (840) grams of cocaine base. The Governments witness Chad Citizen stated, there is no evidence for the erroneous drug quantity.

C.  Ground three:
Drug quantity is an element of the crime defined by 21 USC 841 (a) and the absence of an indictment is not waived by a guilty plea. Petitioner asserts that the plea colloquy never made him aware of drugs having to be proved beyond a reasonable doubt.

Supporting facts:
The rule that drug quantity is an element of any crime charged under 21 USC 841 (a) stems from Apprendi and Thomas. No where in the record at the plea colloquy was Petitioner aware that drug quantity had to be proved beyond a reasonable doubt.

D.  Ground four:
Miscarriage of justice, due to Conspiracy to deliver crack cocaine being used to set the statutory penalty to 20 years or 30 years. Petitioners claim relies on new statutory interpretation of 841 b 1 new max penalty for second drug offenders. The decision applies retroactively. The new law is 0-15 max for prior drug felony.

Attachment A

Supporting facts:
The Conspiracy to deliver crack cocaine is a miscarriage of justice due to the new revised statue according to the First Step Act. 841 b 1 statue has changed the penalty for a prior drug felony. The new statutory max is 15 years if defendants have a prior drug felony in there background. With the prior drug felony my new statutory penalty range is 0-15 max.

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:
The lack of Jurisdiction for failing to indict Petitioner to 840 grams was never raised under the question of Jurisdiction. The Indictment has been constructively amended by adding 840 grams when the witness Chad Litzen Drug Task force Agent stated "He has no evidence of 840 grams of crack cocaine."

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

   A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

   ☐ Yes   ☑ No

   1. If your answer to "A" above was yes, what was the result:

   _____
   _____
   _____
   _____
   _____

Attachment A

2. If your answer to "A" above was no, explain:
Case manager informed me that I would have to deal with the Court on this issue.

B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

☐ Yes   ☑ No

1. If your answer to "B" above was yes, what was the result:

2. If your answer to "B" above was no, explain:
I did not know federal prisoners could present claim to the Bureau of Prisons.

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

1. Make **no** legal arguments.
2. Cite **no** cases or statutes.

I would like the Court to discharge me from Prison due to the fact that there is no indictment for 846 grams of crack cocaine base. The amount of time for less than 5 grams is offense level 12 category 6 for a total of 36 months. The factual basis for my plea was 1.06 grams of crack cocaine. I've done the time for the detectable amount I would like to be released on the remaining balance of my probation. If Petitioner was released/discharged I would have 18 months probation as of now. For less than 5 grams equals 36 months 2 point enhancement for obstructing Justice put me at 48 month's with 3 years probation for 84 months Total. I would be out with 12 months Probation.

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

At the time of Petitioner's plea he was unaware that drug quantity is an element of the crime defined by 21 U.S.C. § 841(a), and the absence of an indictment constitutes a jurisdictional defect and cannot be waived by a guilty plea. At the time when Petitioner filed the 2255 he was unaware of the 840 grams being elements of the offense.

Signed this   20   day of   April  ,   2021  .
          (day)          (month)         (year)

*Deon Bailey*
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: 4/20/2021      *Deon Bailey*
                                              Your Signature

## Statement of Facts

On 6-21-2016 Petitioner was sentenced based on inaccurate information. The factual basis for the plea consists of 1.06 grams of cocaine base. This quantity corresponds to offense level 12 category 6 for a total of 36 months. 840 grams of cocaine base was erroneously calculated by the Probation Office and Sentencing Judge. The PSIR selectively and simplistically relied on cherry-picked factoids in Petitioner's recorded interrogation for a quantity calculation without questioning its veracity or considering the context in which it existed. First the evidence the PSIR used was not substantial. It was a solitary exhibit without corroboration, a point Petitioner's sentencing memorandum made well when it noted that there was no corroborating financial evidence, laboratories, or similar transactions. See docket No. 85 citing <u>United States vs Colton</u>, 742 F. 3d 345 (8th Circuit 2014). The Judges ruling was a clear abuse of discretion to sentence by perponderance of evidence when the sentencing transcripts document 120 page 18 of 57 line 14 states "I have no evidence of those." 1,678 transactions that amount to 840 grams of crack cocaine base. The only evidence was 2 controlled buys by a paid informant working as a government employee.

Petitioner respectfully asserts the district court is first required to select the applicable guideline for the charged offense which was a detectable amount (1.06) grams of cocaine base. This corresponds to level 12 less than 5 grams. There is no double counting. The evidence the Judge used to sentence petitioner was unreliable inaccurate information. The Pesponderance of the evidence conflicts with the drug task force agents statement as to no evidence of other drug sale's. This at least amounts to factual inaccuracies. A sentence must be set aside where Petitioner can demonstrate that false information formed part of the basis for the sentence.

To make matters far more unconstitutional is that fact that there was no mention of notice of 840 grams of crack cocaine in the indictment or the plea agreement. The District Court lacks subject matter Jurisdiction. The sentense is affecting my custody level. The conviction is based on inaccurate information. Petitioner asserts he is being held without Jurisdiction for 840 grams of cocaine base.

In The United States District Court for The Northern District of West Virginia

Deon Anthony Romelle Bailey
    vs.
Warden R. Hudgins

Supplemental Memorandum of Law In Support
of 28 U.S.C. 2241

U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills WV 26525

4-20-2021
Pro Se Deon Anthony Romelle Bailey

## Memorandum of Law

Pursuant to 18. U.S.C. 3231. The District Court in this case lacked subject matter jurisdiction over the judgment of 840 grams of cocaine base. There is no notice of the specific charge of 840 grams. see document #2 in this case. U.S vs Bailey, Indictment Cole vs Arkansas 333 U.S. 196 (1948). see De Vonge vs Oregon 299 U.S. 353 also Albrecht vs United States 273 U.S. 1.8 41 L.ed 505. There are no elements of the offense of 840 grams Hamling vs United States 918 U.S. 117 (1544). There is no statement of facts that would inform the Petitioner of 840 grams United States vs Hess 124 U.S. 483 (1888). also see United States vs Corb 105. J.S. 611 (1882) Hagner vs United States 285 U.S. 427 (1932). The Judgment and sentence is without indictment Ex parte Bain 121 U.S. 1.7 (1887). Petitioner asserts the district Court has an obligation to assure itself that the information relied on to sentence Petitioner is reliable and accurate. Townsend vs Burke 324 U.S. 736 (1948). In the instant case. There is no information or facts to support the sentence of 265 months. The Petitioner signed a plea agreement with a max penalty of 0-20 years 240 month's. Though an indictment can be waived by a defendant, admission of quantity in a plea does not

constitute a waiver of the required elements of an indictment. Therefore, when a defendant has been indicted for a violation of 21 U.S.C. 841(a) involving an unspecified quantity of drugs, the defendant cannot be sentenced above the statutory maximum for an indeterminate quantity of drugs, as set forth in 21.U.S.C. 841(b)(1)(C). See *Apprendi vs New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S Ct. 2348 (2000) Drug quantity is an element of the crime defined by 21 U.S.C. 841(a), and the absence of an indictment constitutes a jurisdictional defect and cannot be waived by a guilty plea. See *United States vs Thomas*, 274 F.3d 655 (2nd Cir. 2001) (en banc). See *Alleyne vs United States*, 570 U.S. 99; 133 S Ct. 2151; 186 L. Ed. 2d 314; 2013. Petitioner points out by sentencing him to a term of imprisonment of longer than 20 years, the District Court effectively convicted him of a crime for which he had not been indicted. Petitioner respectfully asserts failure to specify a quantity in the indictment created an absence of jurisdiction to sentence Petitioner to the crime involving the larger quantity of drugs. See *United States vs. Gonzalez*, 420 F.3d 111, 124, 2005 U.S. App. LEXIS 17961, at *31 (2d Cir. 2005).

## Summary of Argument

Pursuant to 28 U.S.C. 2241 Petitioner is in custody of U.S.P. Hazelton in violation of his 5th and 6th Amendment rights. The United States District Court for the Northern District of Iowa judgement and sentence for 840 grams is a clear abuse of discretion. Pursuant to Fed. R. Crim. P. 32. There is no information present in the indictment of 840 grams of crack cocaine base. See indictment in the case. The Judgment on 6-21-2016 and sentence was rendered without due process of the 5th and 6th Amendments to the U.S. Constitution. Pursuant to 18 U.S.C. 3231 the District Court lacked Subject Matter Jurisdiction.

In conclusion, there is no indictment or information of 840 grams of crack cocaine base. The error is grave enough to be deemed a miscarriage of justice. Real Notice of the true nature of a charge against a defendant is the first and most universally recognized requirement of due process, and due process requires that defendants be informed of the critical elements of the offense. Petitioner could not properly evaluate the risks of entering the plea agreement, and could not intelligently and

voluntarily plead guilty, if he was misinformed about the burden of proof for a critical element of his offense and was therefore unaware of the true nature of the charge against him. Petitioner points out the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted. (quoting United States v Reese, 92 US 214, 032, 23 L. Ed. 563 (1876). Defining facts that increase the penalty to be part of the substantive offense enables the defendant {2013 U.S. LEXIS 26} to predict the legally applicable penalty from the {570 U.S. 1143} face of the indictment. See Appendi, 530 U.S. at 478-479, 120 S. Ct. 2348, 147 L.Ed. 2d 435

## To Conclude

Petitioner asserts the sentencing Court lacked subject matter Jurisdiction to sentence Petitioner based on inaccurate information. Jurisdiction was never proved over 840 grams cocaine base. The Grand Jury Indictment and information was for a detectable amount that was the factual Basis for the Plea.

## Relief Requested

I request to be released on the remainder of my time for less than 5 grams which corresponds to level 12 category 6 for a total of 36 months 2 points enhancement for 48 months and 3 year probation. If released I would serve 18 months Probation.